UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and THOMAS
CORBETT, as Trustees and Fiduciaries of the
Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity
Trust Fund, the Local 282 Job Training Trust
Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

**ORDER**
14-CV-6780 (ADS)(SIL)

                              Plaintiffs,

  -against-

INTERSTATE PAYROLL COMPANY, INC.,

                              Defendant.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court is Plaintiffs' unopposed motion to compel Defendant Interstate Payroll Company, Inc. ("Defendant") to provide responses without objection to Plaintiffs' First Request for the Production of Documents and First Set of Interrogatories (collectively, the "Discovery Demands"). *See* Docket Entry ("DE") [27]. Plaintiffs also request an extension of the discovery deadline to allow for any necessary follow-up discovery. *Id.* For the reasons set forth herein, Plaintiffs' motion is granted in part and denied in part.

Plaintiffs served their First Request for the Production of Documents on August 11, 2015 and their First Set of Interrogatories on September 15, 2015.[1] *Id.*

---

[1] The facts relevant to Plaintiffs' claims are not presently at issue and not addressed herein.

1

During the pendency of settlement negotiations, the parties agreed to hold in abeyance Defendant's deadline to respond to the Discovery Demands. *Id.* However, when it became clear to the parties that settlement was not possible, at the end of December 2015, Plaintiffs demanded responses to their outstanding Discovery Demands. *Id.* On January 21, 2016, defense counsel informed Plaintiffs' counsel that he was unable to provide responses to the outstanding Discovery Demands. *Id.* Plaintiffs filed the instant motion to compel the same day. *Id.*

Although Plaintiffs have not provided a copy of their Discovery Demands, they argue that the information sought therein is critical in determining whether a control group company exists that could be jointly and severally liable with Defendant. *Id.* Plaintiffs further argue that Defendant has waived its right to object to the Discovery Demands by failing to serve timely objections thereto. *Id.*

> Pursuant to Fed. R. Civ. P. 26:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." *Freydl v. Meringolo*, No. 09 Civ. 7196, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). It is well-established that district courts have "broad discretion in deciding a motion to compel discovery." *Id.*

According to Plaintiffs, the Discovery Demands seek information regarding the identity of entities potentially jointly and severally liable to Plaintiffs. *See* DE [27]

2

at 1. Accepting Plaintiffs' representation of the Discovery Demands as true, the information sought therein is potentially relevant to Plaintiffs' ability to recover a judgment in this action. *See Trs. of the Local 813 Pension Tr. Fund v. Canal Carting, Inc.*, No. 12-CV-60, 2014 WL 843244, at *11 (E.D.N.Y. Mar. 3, 2014) (holding "control group members" jointly and severally liable in an ERISA action). Moreover, there is no evidence before the Court that the burden or expense of producing such information outweighs its likely benefit. Therefore, Plaintiffs are entitled to an Order directing Defendant to respond to the Discovery Demands by a certain date. In any event, by failing to oppose the instant motion, Defendant fails to satisfy its burden of showing why the discovery sought should be denied. *See Freydl*, 2011 WL 2566087, at *3; *see also Adkison v. Marshall & Ziolkowski Enters., LLC*, No. 07-CV-4739, 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) (granting motion to compel "both on the merits and as unopposed"). Therefore, Plaintiffs' motion is granted insofar as it seeks an Order compelling Defendant to respond to the outstanding Discovery Demands.

Plaintiffs also argue that, by failing to serve timely responses, Defendant has waived any objections to the Discovery Demands. *See* DE [27] at 2. In New York, "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009); *see also Stabile v. United Recovery Servs., L.P.*, No. 11-CV-1152, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011) ("[D]efendants' failure to timely respond results in a waiver of all objections as to the interrogatories and all objections to the document demands except those based on

privilege.") (internal citation omitted). However, "the Court may, in its discretion, excuse [a party's] delay" in serving timely responses to discovery demands. *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003); *see also Davis v. City of New York*, No. 86 Civ. 6345, 1988 WL 42189, at *2 (S.D.N.Y. Apr. 28, 1988) ("It is well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion.").

Although it is undisputed that Defendant failed to provide timely responses to Plaintiffs' Discovery Demands, Plaintiffs have not provided a copy of the Discovery Demands for the Court's review. *See* DE [27]. Without knowing the actual information sought in the Discovery Demands, the Court declines to apply the "harsh sanction" of deeming Defendant's objections to the Discovery Demands waived. *See Shahzad v. Cty. of Nassau*, No. 13-CV-2268, 2014 WL 4805022, at *4 (E.D.N.Y. Sept. 26, 2014). Therefore, Plaintiffs' motion is denied insofar as it seeks an Order precluding Defendant from objecting to the Discovery Demands.

Based on the foregoing, Plaintiffs' motion to compel is granted in part and denied in part. Defendants shall respond to Plaintiffs' First Request for the Production of Documents and First Set of Interrogatories on or before March 4, 2016. The deadline to complete discovery is extended to March 31, 2016; the deadline to commence summary judgment motion practice is extended to April 30, 2016. Finally, the pretrial conference scheduled for March 14, 2016 is adjourned to April 18, 2016 at 10:30 a.m. in courtroom 820 of the Central Islip courthouse.

Dated: Central Islip, New York
     February 22, 2016

**SO ORDERED**

<u>/s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge